UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RANDY J. LAMARTINIERE | NO. 18-00087-BAJ-RLB |

### RULING AND ORDER

Having reviewed the Government's Notice of Intent to present the testimony of Dr. Cecilia Mouton through a transcript of Dr. Mouton's prior testimony at Defendant's original bench trial *in lieu* of Dr. Mouton's in-person testimony at Defendant's jury re-trial (Doc. 184), the Government's Trial Brief supporting the same (Doc. 199), Defendant's Objection to the Government's presentation of Dr. Mouton's testimony through her prior transcript (Doc. 194, the "Objection"), and Defendant's Motion To Exclude Prior Testimony Of Cecilia Mouton (Doc. 201, the "Motion") and sealed exhibits submitted in support of the same (Docs. 200, 202), and having closely considered the transcript of Dr. Mouton's prior testimony (Doc. 184-4), as well as the change of law regarding the *mens rea* requirement for proving a violation of 21 U.S.C. § 841(a) under the U.S. Supreme Court's decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022), which was decided sixth months *after* Dr. Mouton provided her prior trial testimony in December 2021,

**IT IS ORDERED** that Defendant's **Motion To Exclude Prior Testimony Of Cecilia Mouton (Doc. 201)** be and is hereby **GRANTED**, essentially for the same reasons set forth in Defendant's Objection (Doc. 194) and Defendant's Motion

JURY

(Doc. 201). In short, due to the state of the law at the time of Defendant's original bench trial, Defendant's counsel lacked opportunity and motive to cross-examine Dr. Mouton regarding Defendant's subjective intent, and specifically whether Defendant "knowingly or intentionally acted in an unauthorized manner" when he allegedly committed the violations of 21 U.S.C. § 841(a) set forth in the Superseding Indictment (Doc. 114). *See Ruan*, 142 S. Ct. at 2382. Thus, to allow the Government to present Dr. Mouton's prior testimony through a cold transcript would violate Defendant's fundamental right of "confrontation and cross-examination" under the Sixth Amendment's Confrontation Clause. *See Ecker v. Scott*, 69 F.3d 69, 71-72 (5th Cir. 1995) (instructing that "trial courts should examine the extent of and motive for the cross-examination of the witness at the prior hearing or trial," and "should be [especially] wary of admitting [prior] testimony when defense counsel did not have sufficient motive or opportunity to cross-examine the relevant witness," such as when that prior testimony is offered at a later trial to prove offenses (or elements thereof) that are different from the prior trial (discussing authorities)).

**IT IS FURTHER ORDERED** that Dr. Cecilia Mouton's prior trial testimony will be **EXCLUDED** from the Government's case-in-chief. Instead, if the Government still intends to call Dr. Mouton as a witness, Dr. Mouton must appear in-person at Defendant's jury re-trial.

**IT IS FURTHER ORDERED** that, to allow Dr. Mouton adequate time to recover from the ankle surgery that prevents her from traveling to this District for a period of six weeks after her September 23, 2022 surgery date (*see* Doc. 184-3), the

jury re-trial of this matter be and is hereby **RE-SET to December 5-8, 2022**, beginning each day at 8:30 a.m., in Courtroom 2.

Baton Rouge, Louisiana, this 19th day of October, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**