UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RANDY J. LAMARTINIERE | NO. 18-00087-BAJ-RLB |

## RULING AND ORDER

Again, Defendant asks the Court to re-visit its jury instructions regarding what evidence, precisely, is required to establish beyond a reasonable doubt that a doctor knowingly dispensed prescriptions without authorization, violating 21 U.S.C. § 841(a)(1). This time, Defendant's request comes in a motion to reconsider the Court's March 9 Order denying Defendant's motion for new trial, (Doc. 240), and is based on *United States v. Kahn*, 58 F.4th 1308 (10th Cir. Feb. 3, 2023) (*Kahn II*), fresh authority[1] from the U.S. Court of Appeals for the Tenth Circuit, offering that Court's view of the meaning of "authorization" following the Supreme Court's decision in *Ruan v. United States*, 142 S. Ct. 2370 (2022). Defendant acknowledges that *Kahn II* is not controlling in the Fifth Circuit, but boldly states that it foretells "the interpretation of *Ruan* that appellate courts are likely to make throughout the country." (Doc. 245 at p. 1).

Conveniently, Defendant all but ignores that the Eleventh Circuit rang the bell

---

[1] Although immaterial to the Court's analysis, *Kahn II* is actually *not* so fresh, at least for purposes of Defendant's Motion to Reconsider. The Tenth Circuit issued *Kahn II* on February 3, 2023, three weeks after Defendant filed his post-trial motions, and five weeks *before* the Court issued its decision denying Defendant's motions. Unquestionably, Defendant's counsel knew of the *Kahn II* decision when it issued, because Defendant's counsel *also* represents defendant Shakeel Kahn (as he frequently reminds the Court).

first. (*See id.* at p. 13, n.6). In *United States v. Mencia*, 2022 WL 17336503 (11th Cir. Nov. 30, 2022), that Court issued its own post-*Ruan* interpretation of "authorization," which appears at odds with *Kahn II*. To illustrate, *Mencia* explains that *Ruan* held merely that "in a 21 U.S.C. § 841(a) prosecution of a licensed physician for dispensing unauthorized controlled substance prescriptions, the government must prove beyond a reasonable doubt that the physician knew that the prescriptions were unauthorized." *Mencia*, 2022 WL 17336503, at *7. Most important here, the Eleventh Circuit *affirmed* that "authorization" is still measured by reference to regulation, specifically 21 C.F.R. § 1306.04, stating, "[b]ecause the [Controlled Substances Act] prohibits the distribution of prescription drugs that is *not* authorized, a distribution is unlawful if 1) the prescription was not for a 'legitimate medical purpose' or 2) the prescription was not made in the 'usual course of professional practice.'" *Id.* (quotation marks omitted). *Id.* By contrast, in *Kahn II*, the Tenth Circuit seems to question this interpretation (without mentioning *Mencia*), stating:

> [In *Ruan*], the Supreme Court ruled that, to establish *mens rea*, it is insufficient for the government to prove that a defendant acted without "a legitimate medical purpose" or outside the "usual course" of generally recognized "professional practice." Proof that a defendant did so is "circumstantial evidence" that may be used to prove knowledge of a lack of authorization. Certainly, "the more unreasonable a defendant's asserted beliefs or misunderstandings are, especially as measured against objective criteria, the more likely the jury ... will find that the Government has carried its burden of proving knowledge." But, in order to convict a defendant, the government must prove that the defendant "knew or intended that his or her conduct was unauthorized."

*Kahn*, 58 F.4th at 1314 (quoting *Ruan*, 142 S. Ct. at 2382).

It is far above this Court's pay grade to resolve a Circuit split—if, indeed, there

2

is one.[2] It is equally inappropriate for the Court to re-write current Fifth Circuit law establishing the test for "authorization," which is the basis of this Court's instruction at Defendant's trial and, as it stands, the *same* as the Eleventh Circuit's post-*Ruan* test in *Mencia*. *See United States v. Armstrong*, 550 F.3d 382, 397 (5th Cir. 2008) ("[A] practitioner is unauthorized to dispense a controlled substance if the prescription *either* lacks a legitimate medical purpose *or* is outside the usual course of professional practice. In other words, **knowingly** distributing prescriptions outside the course of professional practice is a sufficient condition to convict a defendant under the criminal statutes relating to controlled substances." (emphasis added)), *overruled on other grounds by United States v. Balleza*, 613 F.3d 432, 433 n.1 (5th Cir. 2010).

Instead, this Court will stay in its lane—determining the facts—leaving the law for appeal. Here, the facts are that Defendant dispensed thousands of dangerous, highly-addictive pills—opioids and stimulants—in exchange for cash, while *expressly* acknowledging in recorded undercover conversations that the prescriptions he wrote did not "look right, were "illegal," and could get him "in trouble." Putting aside Defendant's failures to meaningfully examine his "patients," to request medical records, to order drug tests, or to track where his "patients" filled their prescriptions,

---

[2] The flawed jury instructions at issue in *Kahn II* are not the same as the instructions delivered in this case. At trial in *Kahn II*, the District Court obviously lacked the benefit of *Ruan*, and also labored under a different test for "authorization" (the Tenth's Circuit's), which allowed a conviction if "a practitioner-defendant *either*: (1) subjectively knew a prescription was issued not for a legitimate medical purpose; *or* (2) issued a prescription that was objectively not in the usual course of professional practice." *See Kahn II*, 58 F.4th at 1316. It remains to be seen whether in the Tenth Circuit, as in the Fifth and Eleventh Circuits, and as instructed in this case, proof that a doctor issued prescriptions *knowing* that they lacked "a legitimate medical purpose" and/or *knowing* that they were outside the "usual course" of professional practice may sustain a conviction under 21 U.S.C. § 841(a)(1).

putting aside even that Defendant wrote prescriptions after he *knew* his license was suspended, the words from Defendant's *own mouth* provided the jury a reasonable basis to conclude that Defendant *knew* his prescriptions lacked "a legitimate medical purpose" *and knew* that his prescriptions were issued outside the "usual course" of professional practice. In other words, Defendant *knew* that he was acting *without* "authorization" under the current, controlling test. *See Armstrong*, 550 F.3d at 397.

It will be for the Circuit to decide whether, post-*Ruan*, the *Armstrong* test for "authorization" remains good law, and if not, whether the evidence in *this* case is nonetheless sufficient to determine that Defendant plainly knew he acted without authorization under any future test the Fifth Circuit may devise. *See United States v. Cessa*, 785 F.3d 165, 186 (5th Cir. 2015) ("Erroneous jury instructions are harmless if a court, after a thorough examination of the record, is able to conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." (quotation marks omitted)). Until then, for the reasons set forth herein, and those stated in the Court's March 9 Order (Doc. 240),

**IT IS ORDERED** that Defendant's **Motion To Reconsider Based On New Authority (Doc. 245)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 27th day of March, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**